OPINION
Appellant Gregory Sutton is appealing his conviction, in the Richland County Court of Common Pleas, of one count of aggravated burglary. We previously affirmed his conviction on November 14, 1997.[1] On March 24, 1998, we granted appellant's motion to reopen his appeal.
The Richland County Grand Jury indicted appellant on one count of aggravated burglary, on July 8, 1996. At trial, the state alleged appellant broke into the home of Barbara Harney on May 19, sometime between the time of 1:55 p.m., while Mrs. Harney was at work. Mrs. Harney reported to police over $7,000 worth of jewelry was missing, including her 1977 high school ring which was engraved with her maiden name.
The following day, a neighbor, Rita McKinney, told Mrs. Harney it was appellant who broke into the residence. When McKinney testified, at trial, she was not particularly cooperative, and would not positively identify appellant as the person she saw. She also testified she did not wish to get involved and was unhappy with the circumstances because she knew appellant and his family. The state also presented the evidence of Ronald Taylor, who pawned Mrs. Harney's class ring. Taylor testified he could not remember from whom he received the ring, and over objection, the prosecutor was permitted to ask Taylor if Taylor recalled telling the prosecutor the ring was purchased from the appellant. The state also presented evidence of partial latent fingerprints matching appellant's which were found on the window through which the burglar had gained access to the house.
Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court sentenced appellant to eight to twenty-five years. Appellant sets forth the following assignments of error for our consideration:
 I. THE CONVICTION OF THE DEFENDANT-APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHERE THE JURY FOUND THE DEFENDANT GUILTY OF THE CRIME OF AGGRAVATED BURGLARY.
 II. THE TRIAL COURT ERRED IN REFUSING TO RECOGNIZE DEFENDANT-APPELLANT'S RIGHT TO ELECT TO BE SENTENCED IN ACCORDANCE WITH THE LAW IN EFFECT ON THE DAY HE WAS SENTENCED.
 III. THE DEFENDANT-APPELLANT WAS DENIED A FAIR TRIAL DUE TO PROSECUTORIAL MISCONDUCT.
 IV. APPELLANT COUNSEL'S FAILURE TO RAISE THE ABOVE ISSUES PREJUDICED THE DEFENDANT-APPELLANT'S ABILITY TO RECEIVE AN EFFECTIVE REVIEW IN THE ORIGINAL APPEAL, AND DEPRIVED THE APPELLANT OF DUE PROCESS OF LAW.
 I
Appellant contends, in his first assignment of error, the jury's verdict finding him guilty of aggravated burglary is against the manifest weight of the evidence. We disagree.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175. It is based upon this standard that we review appellant's first assignment of error.
Appellant first maintains there is reasonable doubt as to whether or not a valid fingerprint was taken from the victim's property. Although the first officer to respond to appellant's telephone call regarding the burglary did not check for fingerprints, a complete investigation was subsequently performed. At trial, the state presented testimony of two experts: Lawrence Reindl and Bob Flood. Both witnesses positively identified the fingerprint found, at the scene, as those of the appellant. Tr. at 87; 93-103. Mr. Reindl testified: "It's with these ten points of the identification I was able to conclude beyond a doubt that the prints on this chart are one and the same person, Mr. Gregory Sutton." Tr. at 87. Mr. Flood testified, at trial, that there was no doubt that the latent fingerprint lifted from the crime scene matched that of the defendant. Tr. at 102.
The state also presented the testimony of Rita McKinney, the reluctant neighbor who placed appellant near the scene of the burglary on the evening in question. Although Ms. McKinney testified she identified appellant, by name, to Barbara Harney and later to Detective Grafton, at trial, she would not positively identify appellant as the person she saw on the evening in question. Tr. at 56-63; 114-115. Finally, there was nothing presented to the jury to confirm appellant's whereabouts, on the day in question, from noon to 4:00 p.m. or from 4:30 p.m. until 9:00 p.m.
Based upon the above evidence, we find the jury clearly did not lose its way and create a manifest miscarriage of justice thereby requiring a reversal and a new trial.
Appellant's first assignment of error is overruled.
 II
Appellant contends, in his second assignment of error, the trial court erred when it refused to permit appellant to elect to be sentenced in accordance with Senate Bill 2. We disagree.
The Ohio Supreme Court recently held in State v. Rush (1998),83 Ohio St.3d 53, paragraph two of the syllabus, that "[b]ecause the General Assembly has expressly stated that the amended sentencing provisions of Am.Sub.S.B. No. 2 are inapplicable only to those crimes committed on or after its effective date, R.C.1.58(B) is inapplicable. The amended sentencing provisions of Am.Sub. No. 2 apply only to those crimes committed on or after July 1, 1996."
Pursuant to Rush, appellant's second assignment of error is overruled.
 III
In his third assignment of error, appellant maintains he was denied a fair trial due to prosecutorial misconduct. We disagree.
The test for prosecutorial misconduct is whether the prosecutor's conduct, at trial, was improper and prejudicially affected the substantial rights of the defendant. State v. Lott
(1991), 51 Ohio St.3d 160, 165, certiorari denied 112 L.E.2d 596. A prosecutor's conduct during trial cannot be grounds for error unless the conduct deprives the defendant of a fair trial. Statev. Apanovitch (1987), 33 Ohio St.3d 19, 24. It is based upon this standard that we review appellant's claims of prosecutorial misconduct.
Appellant claims three incidents of prosecutorial misconduct. The record reveals defense counsel never objected to any of the statements, made by the prosecutor, which appellant now claims, on appeal, were misconduct. Because defense counsel did not object on the record, we must analyze these statements under a plain error analysis. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. D'Ambrosio (1993), 67 Ohio St.3d 424,437; State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
In the first statement appellant challenges, the prosecutor stated:
 I submit to you, ladies and gentlemen, we've proven all of the elements. With the evidence we've introduced, proves all of the elements of aggravated burglary. That the only issue is whether or not this man, young man, sitting right here is the one who committed it. I submit to you that the evidence proves beyond a reasonable doubt, far beyond a reasonable doubt, that he did it. His prints were at the scene, the window that was entered. He was seen leaving the scene.
 Do you think Ron Taylor really had a lapse of memory about having bought a ring stolen from the scene from him?
 And then given an opportunity by Detective Grafton to explain why his prints might have been there at the house, he said he'd never been there. So he lied about it. Tr. at 150-151.
The prosecutor did not commit misconduct when he made the above statement. The statement was based on evidence which had been presented to the jury by way of two expert witnesses who both testified appellant's fingerprints matched those found at the scene of the crime. Tr. at 87; 93-103. The prosecutor merely pointed out the discrepancy, in the evidence, and his belief that appellant did not tell the truth.
The second statement appellant challenges concerned the prosecutor referring to appellant as a rapist. The prosecutor stated:
 He violated the sanctity of Barbara Harney's home and impacted her life so severely that she couldn't live there anymore. Made her have nightmares of what would have happened to her daughter had she not been with her father that night, an unusual circumstance. What would have happened if she'd been there taking a nap, listening to music when he walked in on her? What would he have done? I hate to think of it and so did she, and she had to move because of that.
 Victims tell me that having your home violated is like being raped. You never get over it. You can never feel safe walking in that door again at night. He stole that from her. And he's guilty, and I urge you to return a verdict of guilty. Thank you. Tr. at 169.
This comment, by the prosecutor, addressed the aggravating circumstances surrounding the burglary. The prosecutor did not state that appellant was a rapist. He merely compared the feeling of having your residence burglarized to what a rape victim feels. The prosecutor was merely trying to convey the victim's feeling that she had been violated. The prosecutor did not commit misconduct when he made this statement to the jury.
The third alleged improper remark we find more troubling. The prosecutor made this statement, during closing argument, regarding the presumption of innocence:
 Mr. Kaiser (sic) started his remarks by saying that the defendant is presumed innocent. That's exactly what it is. A presumption, it's a legal fiction that our system has that gives the defendant the benefit of the doubt when a case starts. That presumption is removed if the evidence is sufficient to prove his guilt beyond a reasonable doubt. And I submit to you that that presumption has disappeared in this case. Tr. at 162-163.
The prosecutor clearly committed misconduct when he referred to the presumption of innocence as a "legal fiction". Such a statement, to the jury during closing argument, implies appellant had the burden of proving he did not commit the crime of aggravated burglary. Further, the prosecutor made this statement during the rebuttal phase of closing argument when defense counsel had no opportunity to respond. The presumption of innocence is at the very essence of an individual's constitutional rights and is the pillar upon which our criminal justice system is based. However, in the case sub judice, we do not find plain error because we do not believe the outcome of the trial clearly would have been different but for this statement. In a case where the evidence is not as persuasive as here, that comment could readily be found to be reversible error.
Appellant's third assignment of error is overruled.
 IV
In his final assignment of error, appellant maintains he received ineffective assistance of appellate counsel on direct appeal. We disagree.
The standard for reviewing claims for ineffective assistance of counsel was set forth in Strickland v. Washington (1984),466 U.S. 668. Ohio adopted this standard in the case of State v.Bradley (1989), 42 Ohio St.3d 136. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel.
First, we must determine whether counsel's assistance was ineffective. Whether counsel's performance fell below an objective standard of reasonable representation and violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudice by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different.
Appellant contends appellate counsel, on direct appeal, was ineffective because he failed to raise the assignments of error appellant now sets forth in his reopened appeal. Since we find appellant's assignments of error raised in his reopened appeal are without merit, appellant was not denied effective assistance of counsel on his direct appeal.
Appellant's fourth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Gwin, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
[1] State v. Sutton (Nov. 14, 1997), Richland App. No. 97CA2, unreported.